IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PATRICK E. WASHINGTON,

        Plaintiff,

vs.
                                  **Case No. 94-2451-RDR**
                                        **91-20022-01**

UNITED STATES OF AMERICA,        **97-3150-RDR**

        Defendant.

---

**MEMORANDUM AND ORDER**

These cases are now before the court upon plaintiff/petitioner's motion for relief from judgment pursuant to FED.R.CIV.P. 60(b)(5). (Doc. No. 23). Plaintiff/petitioner has also filed a motion for summary judgment under FED.R.CIV.P. 56(a). Plaintiff/petitioner asks the court to grant relief from an order (Doc. No. 21) in Case No. 94-2451 and an order filed in Case No. 91-20022-01 (Doc. No. 99).

Case No. 94-2451 - Doc. No. 21

Case No. 94-2451 was filed on September 2, 1994 after defendant's convictions for distribution of cocaine base in Case No. 91-20022-01-GTV were affirmed by the Tenth Circuit on November 15, 1993 and review by the Supreme Court was denied on April 4, 1994. Plaintiff/petitioner sought the production of documents from the government pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, so that he could prepare a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Plaintiff/petitioner also raised supplementary arguments attacking his convictions in Case No. 91-20022-01-GTV, which the district court considered as a § 2255 motion.  In Doc. No. 21 of Case No. 94-2451, the district court considered and denied plaintiff/petitioner's arguments relating to the FOIA and to relief under § 2255.  <u>Washington v. United States</u>, 1996 WL 570198 (D.Kan. Sept. 27, 1996).  No appeal was taken from this decision.

<u>Case No. 91-20022-01-GTV - Doc. No. 99</u>

As mentioned, Case No. 91-20022-01-GTV is the criminal case where defendant was convicted of three counts of distribution of cocaine base.  In addition to Case No. 94-2451, which was treated in part as a § 2255 motion, plaintiff/petitioner filed two later § 2255 motions which are contained in the court file of Case No. 91-20022-01 and which were assigned Case No. 97-3150 and Case No. 97-3164.  These § 2255 motions were treated as second and successive motions.  The district court denied the petition in Case No. 97-3164 because the Tenth Circuit had not authorized a second and successive § 2255 petition.  Doc. No. 90.  On June 16, 1998 the district court referred Case No. 97-3150 to the Tenth Circuit (Doc. No. 99) to decide whether to authorize its filing as a second or successive § 2255 motion.  This order is a subject of the instant motion for relief under

Rule 60(b)(5).  On August 26, 1998 the Tenth Circuit refused to grant leave to bring the matter as a second or successive § 2255 motion.  Doc. No. 101.  Subsequently, on November 2, 1999, plaintiff /petitioner filed a motion pursuant to FED.R.CIV.P. 60(b)(6) addressing the September 27, 1996 order in Case No. 94-2451, although the motion was filed in Case No. 91-20022-01.  The district court denied the relief requested in this motion (Doc. No. 106) and later supplements to the motion which were considered as motions to reconsider the denial of the Rule 60(b)(6) motion.  The Tenth Circuit affirmed the district court's order denying the Rule 60(b)(6) motion in an order filed February 21, 2001.  U.S. v. Washington, 4 Fed.Appx. 695, 2001 WL 170481 (10th Cir. 2001).  The Tenth Circuit treated the motion as an application to bring a second and successive § 2255 motion pursuant to the ruling in Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.) (per curiam) cert. denied, 525 U.S. 1024 (1998).  The Tenth Circuit held that plaintiff /petitioner's motion did not satisfy the requirements for filing a second or successive petition.

It should be noted that the Tenth Circuit made this ruling even though plaintiff/petitioner made the argument that his initial FOIA motion and supplements thereto in Case No. 94-2451 should not have been characterized as plaintiff/petitioner's

first § 2255 motion. Several weeks earlier the Tenth Circuit had ruled in U.S. v. Kelly, 235 F.3d 1238 (10th Cir. 2000) that courts should not recharacterize pro se post-conviction motions as § 2255 motions without giving the movants notice of that intent and the opportunity to withdraw or supplement the motion. In doing so, the Tenth Circuit in Kelly cited cases like Adams v. United States, 155 F.3d 582 (2nd Cir. 1998) and U.S. v. Warner, 23 F.3d 287 (10th Cir. 1994) which plaintiff/petitioner had cited in his pleadings before the district court. See Doc. 107.

### Discussion

These cases are now before the undersigned judge having been recently reassigned from the docket of Judge Van Bebber. As stated previously, these cases are before the court upon a Rule 60(b)(5) motion for relief from the September 27, 1996 decision in Case No. 94-2451 which denied plaintiff/petitioner's first FOIA/§ 2255 application and from a June 16, 1998 order in Case No. 91-20022-01 which referred plaintiff/petitioner's next § 2255 petition (Case No. 97-3150) to the Tenth Circuit for consideration of whether to permit it to be filed as a second or successive petition. Plaintiff/petitioner's contention is that the motion in Case No. 97-3150 should not have been considered under the criteria for granting leave to file a second or

4

successive motion because the district court improperly characterized the first FOIA motion in Case No. 94-2451 as plaintiff/petitioner's first § 2255 motion.

Plaintiff/petitioner has support for his argument in the holding in Castro v. United States, 540 U.S. 375 (2003) and in the Tenth Circuit's ruling in Kelly. In Castro, the Supreme Court held that a court cannot recharacterize a motion as the litigant's first § 2255 motion "unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." 540 U.S. at 377. If this is not done, then "a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." Id. Plaintiff/petitioner correctly claims that the district court did not follow this approach when it recharacterized the supplements to his post-conviction FOIA claim as a § 2255 motion without giving him the opportunity to withdraw or amend the filing in the September 26, 1996 order, and that this caused his later § 2255 filings to be treated as second and successive motions.

Plaintiff/petitioner's motion for summary judgment refers

5

the court to the recent decision in <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641 (2005), where the United States Supreme Court held that a petitioner in a habeas case may file a Rule 60(b) motion for relief from judgment without having the motion treated as a second or successive habeas petition when the motion attacks, "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings", such as when the statute of limitations is misapplied, a default judgment is mistakenly entered, or subject matter jurisdiction is lacking.  This holding appears to differ from the approach used by the Tenth Circuit on the appeal of the ruling denying plaintiff/petitioner's Rule 60(b)(6) motion.

We are convinced that the <u>Gonzalez</u> decision requires this court to consider plaintiff/petitioner's Rule 60(b)(5) motion rather than refer it to the Tenth Circuit as an application for a second and successive § 2255 motion.  However, we find no grounds for granting relief under Rule 60(b)(5).

Rule 60(b)(5) provides that the court may relieve a party from a final judgment when "the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  Plaintiff /petitioner does not contend that he

6

deserves relief because a judgment has been "satisfied, released or discharged."  He appears to claim that relief is justified because the orders are based upon a prior judgment which has been reversed or otherwise vacated, or because it is no longer equitable that the orders have prospective application.

The September 27, 1996 order in Case No. 94-2451 was not based upon a prior judgment which has been reversed or otherwise vacated.  Nor was it an order that has "prospective application."  A judgment has "prospective application" within the meaning of Rule 60(b)(5) when it "is 'executory' or involves 'the supervision of changing conduct or conditions.'" Twelve John Does v. District of Columbia, 841 F.2d 1133, 1139 (D.C.Cir. 1988) (citing United States v. Swift & Co., 286 U.S. 106 (1932) and State of Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421, 15 L.Ed. 435 (1856)).  We do not believe the September 27, 1996 order denying plaintiff/petitioner his requested information or relief is a judgment of "prospective application."  The order denies a specific request for information and denies relief from a conviction.  Such orders do not supervise conduct in the future.  In sum, plaintiff/petitioner cannot demonstrate any of the conditions necessary for relief from the September 27, 1996 order under Rule 60(b)(5).

Likewise, the June 16, 1998 order is not based upon a "prior judgment" that has been reversed or otherwise vacated. By "prior judgment", Rule 60(b)(5) means a judgment that is part of the same proceeding in an issue preclusion or res judicata sense, as opposed to a judgment that supplied prior precedent for the judgment from which relief is sought. See 12 MOORE'S FEDERAL PRACTICE § 60.46[1] (2002); Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir. 1989) ("a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment"). The June 16, 1998 order by the district court was not based on a prior judgment which has been reversed or otherwise vacated. The June 16, 1998 order is also not an order which has "prospective application." Therefore, plaintiff/petitioner cannot demonstrate any of the conditions necessary under Rule 60(b)(5) for relief from the order of June 16, 1998.

Finally, we note that in general, relief under Rule 60(b) "is only appropriate under extraordinary circumstances." Massengale v. Oklahoma Board of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). Plaintiff/petitioner has not asserted extraordinary circumstances which warrant relief under Rule 60(b) in our opinion. His convictions were affirmed on direct appeal. He did not appeal the district court's decision

of September 27, 1996 which rejected some arguments attacking his convictions. In addition, the Tenth Circuit and the district court have considered and rejected leave to bring many of the same arguments and authorities for relief from judgment as plaintiff/petitioner brings now, albeit under the standard for permitting a second and successive motion under § 2255.

Moreover, the § 2255 motion which plaintiff/petitioner wishes to renew does not appear meritorious. The first argument alleges ineffective assistance of counsel in failing to object to the racial composition of the petit jury and grand jury. This argument, however, was rejected by the district court in the September 27, 1996 order which was not appealed by plaintiff/petitioner. The second argument alleges ineffective assistance of counsel in failing to inform plaintiff/petitioner of a government plea offer of six years and then advising plaintiff/petitioner not to take a plea offer of ten years. The claim that the government made a plea offer of six years, however, is based upon plaintiff/petitioner's speculation from a memo his former counsel wrote to his file regarding discussions concerning what might occur if there was "cooperation" with the government. This is insufficient to state a claim that there was a plea offer of six years. Furthermore, while the alleged advice to reject a ten-year deal

9

may have been wrong in retrospect, that does not establish that the advice was constitutionally deficient or overcome the presumption that his counsel was competent. See <u>United States v. Boone</u>, 62 F.3d 323, 327 (10th Cir.) (counsel's misunderstanding and miscommunication of possible sentence is not ineffective assistance of counsel), <u>cert. denied</u>, 516 U.S. 1014 (1995); <u>Hatch v. State of Oklahoma</u>, 58 F.3d 1447, 1459 (10th Cir. 1995) (for counsel's advice to be constitutionally ineffective, it must be completely unreasonable, bearing no relationship to possible defense strategy, not merely wrong), <u>cert. denied</u>, 517 U.S. 1235 (1996). Our review of the arguments made on appeal regarding the evidence in this case indicates that any alleged advice to refuse a plea offer was not completely unreasonable.

<u>Conclusion</u>

For the above-stated reasons, the court shall deny plaintiff/petitioner's motion for summary judgment and motion for relief under Rule 60(b)(5).

**IT IS SO ORDERED.**

Dated this 15th day of August, 2005 at Topeka, Kansas.

```
                              s/Richard D. Rogers
                              United States District Judge
```